# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| JEFFRY THUL<br>    *Plaintiff*,<br><br>v.<br><br>DEBRA HAALAND, *Secretary of the Interior in her official capacity*,<br>U.S. DEPARTMENT OF THE INTERIOR,<br>    *Defendants*. | No. 1:23-cv-00165-TRM-CHS |

## REPORT AND RECOMMENDATION

**I.   Introduction**

This matter comes before the Court upon the Motion to Amend Complaint ("Motion to Amend") [Doc. 28] filed by Plaintiff Jeffry Thul, *pro se*. For the reasons stated herein, it is recommended that this Motion to Amend [Doc. 28] be **DENIED**.

**II.  Background**

Plaintiff has styled his Motion as a "Motion for Leave to File Amended Complaint for Permanent Injunction and for Other Equitable Relief." [Doc. 28]. In Plaintiff's original complaint, he already requested injunctive relief in the form of reinstatement to his former job. Plaintiff does not specify what additional injunctive or equitable relief he is seeking in his proposed amended complaint. On the other hand, it is clear that Plaintiff's proposed amended complaint does seek to join as additional defendants sixteen individuals—most of whom are employed by the federal government—asserting a *Bivens* claim against each of them. In its response, the government asserts that Plaintiff's Motion to Amend [Doc. 28] should be denied because, among other reasons, the claims against the named individuals are barred by the applicable statute of limitations.

On May 9, 2024, the Court held a hearing on Plaintiff's Motion to Amend. Plaintiff Jeffery Thul appeared in court and represented himself. AUSAs Leah McClanahan and Mitchell Painter appeared on behalf of Defendants. At that hearing, Mr. Thul argued for the first time that the claims he seeks to bring against the individually named defendants are not time-barred because of Tennessee's savings statute, Tenn. Code Ann. § 28-1-105(a). This issue had not been briefed prior to the hearing, so the Court directed the parties to file briefs regarding the potential applicability of the Tennessee savings statute. The government filed a brief [*See* "Defendant's Supplemental Brief Concerning the Statute of Limitations for Plaintiff's Proposed *Bivens* Claims," Doc. 42] addressing this issue.[1] The Court has reviewed this brief carefully and finds that it clearly and accurately recites the facts and law relevant to Plaintiff's Motion to Amend. Accordingly, the Court will offer a summary of the government's brief in its analysis.

Plaintiff filed the instant action on August 4, 2023, alleging that the United States of America, the Department of Interior, and the National Park Service violated the Rehabilitation Act and the Administrative Procedures Act when the National Park Service failed to reinstate Plaintiff in May 2018 to his former position with the National Park Service following medical leave for a disability, instead terminating his employment on September 17, 2018. This is the third lawsuit Plaintiff has filed in this court arising from the National Park Service's refusal to reinstate him to his former position and his subsequent termination. Only the first lawsuit filed by Plaintiff, however, is relevant to the Court's analysis here: *Thul v. Haaland,* No. 1:20-cv-354-TRM-CHS

---

[1] Mr. Thul did not file a brief addressing the Tennessee savings statute. He did, however, file a "Motion Requesting the Invocation of Federal Court Jurisdiction." [Doc. 44]. Plaintiff's motion and its accompanying brief simply reiterate Plaintiff's arguments as to why he is entitled to reinstatement to his former position. They do not address the Tennessee savings statute. Additionally, the Court notes that it *is* exercising subject matter jurisdiction over this action and therefore, any request for the Court to do so is unnecessary.

("*Thul I*") filed on December 23, 2020. *Thul I* involved substantially the same allegations at issue here. To properly evaluate Plaintiff's Motion to Amend, some discussion of *Thul I* is necessary.

In *Thul I*, Plaintiff initially named as the only defendant the then-acting Secretary of the Department of Interior, David Bernhart, and alleged, among other claims, employment discrimination under the Rehabilitation Act, violation of Title VII of the Civil Rights Act of 1964, and violation of the Whistleblower Protection Enhancement Act. (*See Thul I*, Doc. 1.) On March 19, 2021, Plaintiff filed an amended complaint in *Thul I* adding twenty-nine defendants—including multiple federal employees and federal contractors—and asserting *Bivens* claims against each of those newly added defendants. (*See Thul I*, Doc. 11.) Plaintiff never served the newly added defendants, and, in fact, the record is devoid of any evidence that a summons and complaint was ever issued for any of these individual defendants. Consequently, on March 24, 2022, Chief Judge McDonough dismissed *Thul I* without prejudice for failure to serve the defendants with process under Federal Rule of Civil Procedure 4(m). (*See Thul I*, Docs. 27 and 28.) After an unsuccessful appeal to the Sixth Circuit Court of Appeals, including a failed petition for rehearing and a motion for panel disqualification, Plaintiff petitioned the Supreme Court for a writ of certiorari, which was eventually denied on October 3, 2023. *See Thul v. Haaland*, No. 22-5440 (6th Cir. Mar. 1, 2023).[2]

### III. Discussion

#### A. Standard of Review

Plaintiff filed his Motion to Amend on December 11, 2023, well before the May 13, 2024 deadline for amendment of pleadings set forth in the Court's Scheduling Order [Doc. 22]. Consequently, the Court turns to Fed. R. Civ. P. 15 to determine whether Plaintiff's Motion to Amend should be granted. Under Rule 15, the Court should give leave to amend "when justice so requires."

---

[2] The Sixth Circuit's denial of Plaintiffs appeal and the Supreme Court's denial of a writ of certiorari pertaining to *Thul I* are also found in in the District Court's record of *Thul I*, Docs. 31-37.

Fed. R. Civ. P. 15(a)(2). Leave is appropriate "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment, etc. . . ." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In determining whether a proposed amendment is futile, the Court looks to the standard used to determine whether a complaint can withstand a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). In determining whether a party has set forth a claim in his complaint pursuant to Rule 12(b)(6), all well-pleaded factual allegations contained in the complaint must be accepted as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) and the complaint must state "a plausible claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 679.(2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

**B.     Plaintiff Cannot Bring A *Bivens* Claim for Discrimination in Employment**

To begin, there is no *Bivens* remedy in the context of federal employment.[3] *See, e.g., Bush v. Lucas*, 462 U.S. 367 (1983) (declining to extend a *Bivens* remedy to the federal employment context in light of Congress' comprehensive protections to federal civil service employees); *Jones v. Tenn. Valley Auth.*, 948 F.2d 258, 264 (6th Cir. 1991) ("In the field of federal employment, even if no remedy at all has been provided by the [Civil Service Reform Act], courts will not create a *Bivens* remedy."); *Wolverton v. United States*, 107 F.3d 872, 1997 WL 85153 (6th Cir. Feb. 26,

---

[3] *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, which established that victims of a constitutional violation by a federal official have, under certain circumstances, a right to recover damages against the official in federal court despite the absence of any statute conferring such a right.

1997) (unpublished) (declining to extend a *Bivens* remedy against coworkers who allegedly defamed plaintiff and in doing so prevented her from obtaining a promotion within the Department of Defense).

    **C.    Plaintiff's *Bivens* Claims are Barred By the Statute of Limitations**

Even if there were a viable *Bivens* remedy against the individuals Mr. Thul seeks to add as defendants, the statute of limitations for those actions has expired and the Tennessee savings statute provides no relief.

Because there is no federal statute of limitations for *Bivens* claims, courts apply the statute of limitations for personal torts in the state where the claim arose. *Hardin v. Straub*, 490 U.S. 536, 538 (1989). Tennessee imposes a one-year statute of limitations for "torts [to] persons," including "[c]ivil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes." Tenn. Code Ann. § 28-3-104(a)(1)(B). That one-year period begins running "when the plaintiff knows or has reason to know of the injury which is the basis of this action." *McCune v. City of Grand Rapids*, 842 F.3d 903, 905 (6th Cir. 1988); *Mason v. Dep't of Justice*, 39 F. App'x 205, 207 (6th Cir. 2002).

Plaintiff's allegations against the sixteen individuals named in his proposed amended complaint involve conduct that occurred more than one year before December 11, 2023, the date when Plaintiff filed his Motion to Amend. Consequently, it appears that the one year statute of limitations had expired before Plaintiff attempted to add these defendants to his lawsuit. However, at the May 9, 2023 hearing, the issue arose as to whether Plaintiff's *Bivens* claims may not be time-barred because of the Tennessee savings statute, Tenn. Code Ann. § 28-1-105(a).

Tenn. Code Ann. § 28-1-105(a) states in relevant part:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, . . . the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

There are two reasons why the Tennessee savings statute does not apply: First, it appears that, at the time Plaintiff added these individual defendants in *Thul I* on March 19, 2021, the statute of limitations had already expired as to the claims against ten of them.[4] Of course, where the statute of limitations has expired when claims are originally brought, the Tennessee savings statute cannot not be used to toll the statute of limitations for those same claims in a later action. *Id.*; *Gregory v. McCulley*, 912 S.W.2d 175, 177 (Tenn. Ct. App. 1995).

Second, even assuming that the claims were timely brought against the individuals in *Thul I*, the savings statute cannot be used to toll the statute of limitations because service of process was never *issued*, much less served, as to any of the individual defendants in *Thul I*. *Gregory,* 912 S.W.2d at 177; Tennessee Rule of Civil Procedure 3; s*ee also Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987) ("the filing of a complaint which is later dismissed without prejudice for failure to perfect service does not toll the statute of limitations") (citing *Harris v. City of Canton*, 725 F.2d 371, 376-77 (6th Cir. 1984)).

Finally, as to the three putative defendants whom Plaintiff did not name as defendants in *Thul I* but whom he now seeks to add as defendants in this case, *to wit*, Letitia Coleman, Wayne Stephens, and Michael Pybus, the Tennessee savings statute cannot not apply and those claims are time-barred.

---

[4] *See* Government's brief at 6-7 for a chart of the individual defendants and the date of the last alleged unconstitutional conduct. At the time Plaintiff added these individual defendants in *Thul I* on March 19, 2021, the statute of limitations had already expired as to the claims against them.

For the reasons stated herein, it is **RECOMMENDED**[5] that Plaintiff's Motion to Amend his Complaint [Doc. 28] be **DENIED**.

**ENTER**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).