UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JEFFRY THUL, | ) |
|     *Plaintiff*, | ) Case No. 1:23-cv-165 |
| | ) |
| v. | ) Judge Travis R. McDonough |
| | ) |
| UNITED STATES DEPARTMENT OF | ) Magistrate Judge Christopher H. Steger |
| THE INTERIOR, DEBRA HAALAND, in | ) |
| her official capacity | ) |
| | ) |
|     *Defendant*. | ) |

## ORDER

Plaintiff Jeffry Thul filed a motion to amend his complaint (Doc. 28). United States Magistrate Judge Christopher H. Steger held a hearing and issued a report and recommendation, recommending that the Court deny Plaintiff's motion to amend his complaint. (Doc. 48.) Plaintiff filed timely objections to Judge Steger's Report and Recommendation. (Doc. 49.) For the following reasons, the Court will **OVERRULE** Plaintiff's objections (Doc. 49), **ACCEPT** and **ADOPT** the report and recommendation (Doc. 48), and **DENY** Plaintiff's motion to amend his complaint (Doc. 28).

### I. STANDARD OF REVIEW[1]

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). However, if

---

[1] The Court incorporates by reference Judge Steger's statements of the facts. (*See* Doc. 48, at 1–3.)

an objection merely restates arguments asserted in a plaintiff's earlier motion which were addressed by the Magistrate Judge's Report and Recommendation, it constitutes only a general objection and is deemed waived. *See Middleton v. Octapharma Plasma, Inc.*, No. 19-1943, 2020 WL 5000070, at *1 (6th Cir. Mar. 26, 2020) ("[A] general objection to a magistrate judge's report is considered tantamount to no objection at all."); *see also United States v. Price*, No. 3:23-cr-35, 2023 WL 8370411, at 13 (E.D. Tenn. Dec. 4, 2023) ("[O]bjections [that] reiterate arguments that defendants have previously made [] are considered general objections that do not sufficiently identify alleged errors in the R&R.") The Sixth Circuit has explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

## II.    ANALYSIS

Plaintiff filed a motion to amend his complaint on December 11, 2023. (Doc. 28.) In his motion, Plaintiff sought to add *Bivens* claims against a variety of federal officials. (Doc. 29, at 10.) After holding a hearing and ordering supplemental briefing, Judge Steger found that amendment would be futile because "there is no *Bivens* remedy in the context of federal employment." (Doc. 48, at 4.) Judge Steger also found that "[e]ven if there were a viable *Bivens* remedy . . . the statute of limitations for those actions has expired and the Tennessee savings

2

Case 1:23-cv-00165-TRM-CHS    Document 50    Filed 07/11/24    Page 2 of 4    PageID #: 406

statute provides no relief." (*Id.* at 5.) Accordingly, Judge Steger recommended that the Court deny Plaintiff's motion to amend. (*Id.* at 7.) On July 3, 2024, Plaintiff objected to Judge Steger's report and recommendation, claiming to assert "nine (9) specific written objections." (Doc. 49, at 1.)

While Plaintiff raises many objections, none has merit. As an initial matter, many of these objections do not concern the *Bivens* or statute-of-limitations issues and are completely irrelevant. In his first two objections, Plaintiff generally argues that he has standing, and the Court has jurisdiction. (*See, e.g.*, *id.* at 3 ("I object to the magistrate judge's refusal to act within his Article III mandatory duties directing resolution to the case or controversy created by my alleged violations of 5 C.F.R. § 353.30l(d).") These issues do not relate to Plaintiff's motion to amend or Judge Steger's report and recommendation. Similarly, Plaintiff also objects on the basis that he should be allowed additional time to serve "multiple federal defendants," which is, again, not an issue related to Plaintiffs' motion to amend. (Doc. 49, at 12.) Because these objections are irrelevant, they provide no basis for rejecting Judge Steger's report and recommendation.

Plaintiff's remaining objections are also not well-founded. Plaintiff first claims that "[t]he Magistrate Judge's recommendation is based on a belief that the statute of limitations has run it's [sic] course on all my claims." (Doc. 49, at 8.) This is simply not the case. Judge Steger's report and recommendation addressed only whether the statute of limitations bars Plaintiff's proposed *Bivens* claims, not any of Plaintiff's other claims.[2] (*See* Doc. 48, at 5.)

---

[2] In this objection, Plaintiff also asserts that his Bivens claims are somehow preserved by the "scope of investigations doctrine." (Doc. 49, at 10–11.) However, this doctrine is concerned with a plaintiff's exhaustion of administrative remedies in employment-discrimination claims. *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004). It is completely irrelevant to *Bivens* actions.

Plaintiff next objects to Judge Steger's finding that there is no *Bivens* remedy in the context of federal employment. (Doc. 49, at 13–16, 18–19.) Plaintiff claims that Judge Steger's decision "conflicts" with several cases and regulations. (*Id.*) However, the authority that Plaintiff cites does not address either the *Bivens* or the statute-of-limitations issue. (*See e.g.*, *id.* at 16 (Plaintiff citing *Jones v. Reynolds*, 438 F.3d 685 (6th Cir. 2006), a claim brought against police officers for not stopping a drag race).) Finally, Plaintiff objects to Judge Steger's recitation of the procedural history of the case. (*Id.* at 16–17.) Specifically, Plaintiff objects to the characterization of his present case as being the "third lawsuit" he has filed. (*Id.* at 16.) However, Plaintiff does not explain why the number of lawsuits he has filed affects whether he may file a *Bivens* action or why the statute of limitations does not bar a *Bivens* claim. This is the type of "vague, general" objection that the Court need not consider. *Cole*, 7 F. App'x at 356.

Having conducted a review of Judge Steger's report and recommendation, as well as all the record evidence presented in this case, the Court agrees with Judge Steger's well-reasoned conclusions. Accordingly, Plaintiff's objections (Doc. 49) are **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** Judge Steger's findings of fact, conclusions of law, and recommendations (Doc. 48). Plaintiff's motion to amend his complaint (Doc. 28) is **DENIED**. Furthermore, per the Court's previous order (Doc. 46), this case is hereby **UNSTAYED**.

    **SO ORDERED.**

    /s/ *Travis R. McDonough*
    **TRAVIS R. MCDONOUGH**
    **UNITED STATES DISTRICT JUDGE**